# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRENDOLYN SIMS,<br><br>                         Plaintiff,<br>   vs.<br>CITY OF LA MESA,<br><br>                        Defendant. | CASE NO. 09cv1356 JM(WMc)<br><br>ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Pursuant to Fed.R.Civ.P. 12 (b)(6), Defendant City of La Mesa ("La Mesa") moves to dismiss all claims asserted in Plaintiff's civil rights complaint for failure to state a claim. Plaintiff Drendolyn Sims opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss without prejudice and grants Plaintiff 20 days leave to amend from the date of entry of this order. Plaintiff is also instructed to effectuate service on the Doe defendant within 30 days of entry of this order.

## BACKGROUND

On June 24, 2009, Plaintiff commenced this federal question action alleging that Defendant Officer John Doe and La Mesa violated her federal civil rights when Officer Doe effectuated an unconstitutional arrest, an unconstitutional search, and used excessive force. Plaintiff also alleges state law claims for negligence, negligent

infliction of emotional distress, and battery.

Plaintiff alleges that on the evening of May 26, 2008 Plaintiff was at her home when she heard commotion coming from the unit next door and she went outside to ask the individuals to quiet down. (Compl. ¶¶ 7,8). She then returned to her enclosed front yard and closed the six foot wooden front yard gate behind her. (Id. ¶10). Shortly thereafter, the gate suddenly "came crashing in on her, throwing her onto the nearby stairway." (Id. ¶11). Plaintiff was seriously injured and later learned that a La Mesa Police Officer had kicked-in the gate. (Id. ¶12). Paramedics arrived and Plaintiff was taken to Sharp Memorial Hospital for treatment. (Id. ¶17). Plaintiff also broadly alleges that La Mesa "wa[s] deliberately indifferent to a known pattern of constitutional violations involving warrantless arrests of individuals on private property by its officers and failed to take adequate steps to remedy the pattern of unconstitutional conduct. (Id. ¶22).

Based upon the above generally described conduct, Plaintiff alleges violation of 42 U.S.C. §1983 for unconstitutional arrest, unconstitutional search and excessive force. Defendant moves to dismiss the federal claims on the ground that the complaint fails to identify any Fourth of Fourteenth Amendment violation. Plaintiff opposes the motion.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must

1. "plausibly suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The Federal Claims**

Under 42 U.S.C. § 1983, municipalities, their agencies and their supervisory personnel cannot be held liable under section 1983 on any theory of respondeat superior or vicarious liability. They can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs. <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658, 661-63 (1978); <u>Watts v. County of Sacramento</u>, 256 F.3d 886, 891 (9th Cir. 2001); <u>Shaw v. California Dep't of Alcoholic Beverage Control</u>, 788 F.2d 600, 610 (9th Cir. 1986). "A § 1983 action against a city fails as a matter of law unless a city employee's conduct violates one of the plaintiff's federal rights." <u>Orin v. Barclay</u>, 272 F.3d 1207, 1217 (9th Cir. 2001) <u>cert. denied</u>, 122

S.Ct. 2661 (2002).

Requiring as a predicate for municipal liability a policy, custom, or practice ensures that a municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell, 436 U.S. at 694). Similarly, an act performed pursuant to a "custom" which has not been "formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. (citing Monell, 436 U.S. at 690-691); see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (holding that municipal liability under § 1983 may be shown if Plaintiff proves that employee committed alleged constitutional violation pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity.").

La Mesa argues that Plaintiff fails to identify a cognizable constitutional violation and therefore the complaint must be dismissed. This argument has merit. In order to prevail on the Fourth or Fourteenth Amendment claims, Plaintiff must allege that the state actor acted with the requisite mental state. See Davidson v. Cannon, 474 U.S. 344, 675 (1986). At a minimum, Plaintiff must set forth sufficient allegations that the state actor acted with recklessness or deliberate indifference to Plaintiff's constitutional rights. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff's allegations that she was standing behind the wooden gate and only later "learned" that the gate was kicked in by Officer Doe does not satisfy this standard. At most, Plaintiff alleges that Officer Doe may have acted negligently. "[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (citations omitted); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (citing Smith v. City of Fontana, 818 F.2d 1411, 1418, n.9 (9th Cir. 1987) ("[T]he Due Process Clause is simply not implicated by a

negligent act of an official ..." ).

Plaintiff's claim against La Mesa fails for another reason as well. Plaintiff's bare allegations of municipal liability for failure to adequately train fails to state a claim. Plaintiff alleges that La Mesa "was deliberately indifferent to the obvious need to adequately train its officers concerning warrant less entry into private property," (Compl. ¶20), and "La Mesa was deliberately indifferent to a known pattern of constitutional violations involving warrant less arrests of individuals on private property." (Compl. ¶22). As noted in Iqbal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. 129 S.Ct. at 1949. Consequently, Plaintiff fails to state a Monell claim.

In sum, the court grants the motion to dismiss and grants Plaintiff 20 days leave to amend from the date of entry of this order. As it appears that Plaintiff has yet to serve the Doe defendant, the court instructs Plaintiff to effectuate service within 30 days of entry of this order.

**IT IS SO ORDERED.**

DATED: August 28, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:         All parties